## *PATRICIA FINN ATTORNEY, P.C.*

*58 East Route 59, Suite 4*                                                    *845 398 0521 ph.*
*Nanuet, New York 10954*                                                   *888 874 5703 fax*
                                                                                    *patriciafinnattorney@gmail.com*

December 21, 2021

*By ECF*

Honorable Alison J. Nathan
United States District Court Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY   10007

RE:  *Marciano, et al. v. de Blasio, et al.*
      Civil Action No. 21-10752 (AJN)(KNF)

Dear Judge Nathan:

This firm represents the above-named Petitioner, and all others similarly situated, in the above-captioned case. I am in receipt of Ms. Fowlkes' letter to Your Honor of even date, filed ECF, that requests a 45-day extension of time to Answer the Petition\Complaint.  Petitioner has not consented because at this time there is no Answer due, pending a decision on an Emergency Remand from this Court back to State Court which is being prepared for submission. The undersigned advised Ms. Fowlkes's Petitioner would not consider her extension request since the request is moot until the case is remanded.

The Petition for Removal, and maneuvering here by Respondents, is a blatant violation of the State Court's restraining order, and forum shopping. Ms. Fowlkes' letter to the Court is misapplied and should be disregarded.  I respectfully disagree with Ms. Fowlkes' summary of the facts of the case, and, respectfully, refer Your Honor to the initiating documents which speak for themselves. Moreover, the Petition for Removal is defective, and should be rejected because it omits the bench ruling detailing the relief to restrain and enjoin Respondents granted in the State Court. (Exh. One, Transcript of Bench Ruling).

The transcript was available when the Petition for Removal to this Court was filed, but not included with the initiating documents, thus, making the City's application for removal defective under Rule 11.  More important, Ms. Fowlkes and her clients are misinterpreting the scope of the restraining order issued by Judge Nervo last Wednesday.  Contrary to the inaccurate assertion of Ms. Fowlkes, the Order covers Detective Marciano, and all others similarly situated. Judge Nervo made that clear at the hearing, that he was restraining and enjoining Respondents/Defendants from

enforcing its vaccination mandate against Detective Marciano, and all others similarly situated. Attached for Your Honor's consideration, is a copy of the transcript and excerpt of the relevant oral argument before Judge Nervo on December 14, 2021, that speaks for itself:

p.42, L.12-22:

Mendez:   "Without a proper record, counsel doesn't have organizational standing like a union potentially would to bring a claim on behalf of similarly situated individuals.  There is one petitioner.

Court:   "All right.  So, therefore, it's your position that, at best, the caption is inappropriate …"

Defense counsel then attempted to persuade the Court that "[A]ny order issued by the Court should necessarily be limited to Detective Marciano because there is nobody else before --- " *T-p.42, L.25 – p.43, L.2.*  Judge Nervo interrupted defense counsel and stated "Well, that may be an argument you may have to make in another court before another Judge or not.  I have not determined that yet."  *T-p.43, L.3-5.*

p. 48, L.3-15:

Court:   "While a number of other judicial opinions on the one hand recognize the sacrifices of our vaccinated and unvaccinated first responders during these unprecedented times, such as the plaintiff in this case, and on the other hand *deny them the benefits of their assured continued pay status while these matters proceed through the courts*, this Court will not adhere to what this Court perceives   as a most blatant injustice and hindrance to the plaintiff's right to be heard on the petition.   So, therefore, the temporary restraining order is used pending the determination of this application."

p. 48, L. 19-25:

Mendez:   "I would just ask the Court to clarify as to whom the TRO is being issued, which Employees?   Are we talking all police officers?

Court:   "I presume your argument is only Mr. Marciano; and the petitioner – counsel on behalf of petitioner is arguing all police officers.   Court declines to clarify anything further."

The caption of the Case in State Court clearly indicated all others similarly situated were represented in the proceeding, in addition to Det. Marciano. As defense counsel rightly informs Your Honor, it is Petitioner's intention to file an Emergency Motion to Remand, forthwith, because the City is disobeying Judge Nervo's Order, and is, upon information and belief, still firing Police Officers, and others similarly situated, who are refusing vaccinations that are prohibited on adults

in New York under state law.  Specifically, PHL 206(1)(l), prohibits adult vaccination mandates in this state.

The law and facts support remand, and its urgency is straight forward. Respondents having participated in the litigation of this matter before Judge Nervo, only filed for removal after an adverse decision granting preliminary relief was granted to NYPD.  Similarly, their decision <u>not</u> to remove the numerous other proceedings/cases in which preliminary relief had been denied speaks volumes to the obvious forum shopping. In the meantime, the City is disobeying Judge Nervo's Order, and is causing Petitioner, and all others similarly situated irreparable harm. The City's relief, if any, is in the Appellate Division First Department.  It is respectfully requested that the Court continue the TRO\Preliminary Injunction granted by Judge Nervo, or allow a conference, until such time as this Court has ruled on Petitioner's Emergency Motion to Remand which is being prepared for filing.

In short, this case is a question of state\administrative law, and the removal by the City Respondent\Defendants violates the *Rooker-Feldman, Younger Abstention*, and *Pullman Doctrines*, which all favor an Emergency Remand to the State Court. Based on the foregoing, the case should be remanded since it is not appropriate before this Court no matter how hard the Respondents have tried to recast the State law claims.  The Petition is defective for failing to include the Court's bench ruling warranting dismissal. This case presents a question of State\ administrative law appropriately suited for the State Court.

Thank you for Your Honor's consideration.

Respectfully,

/s/Patricia Finn, Esq

_____
*Patricia Finn, Esq.*
*Attorney for Petitioner, and all*
*others similarly situated,*
*phone 845 398 0521*