21 Civ. 10752 (JSR)(BCM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Anthony Marciano, individually, and on behalf of all
other individuals similarly situated,

                                                    Plaintiff,


                        -against-



BILL DE BLASIO, MAYOR OF THE CITY OF NEW
YORK, in his official capacity; DAVE A. CHOCKSHI,
COMMISSIONER OF HEALTH AND MENTAL
HYGIENE, in his official capacity; DERMOT SHEA,
POLICE COMMISSIONER, in his official capacity;
THE NEW YORK CITY BOARD OF HEALTH; and
THE CITY OF NEW YORK,

                                                    Defendants.


**DEFENDANTS' MEMORANDUM OF LAW IN
OPPOSITION TO THE MOTION TO SEVER AND
REMAND**


***GEORGIA M. PESTANA***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Iván A. Méndez, Jr.,*
*Eugenia Fowlkes*
*Tel:  (212) 356-2450*
*Matter No.:  2021-043627*

## **TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................................................I

PRELIMINARY STATEMENT .................................................................................... 1

STATEMENT OF FACTS ............................................................................................ 1

ARGUMENT ................................................................................................................. 2

      POINT I ............................................................................................................... 2

            THE COURT SHOULD DENY PLAINTIFF'S
            MOTION TO SEVER AND REMAND.................................................... 2

          A.  Relevant Authority........................................................................... 2

          B.  Application ...................................................................................... 3

              1.  Plaintiff's Claims Arise Out Of The Same
                  Transaction Or Series Of Transactions ............................... 3

              2.  Plaintiff's Claims Raise The Same Questions
                  Of Law And Fact ................................................................ 4

              3.  Severance Would Hinder Judicial Economy
                  And Prejudice Defendants ................................................. 7

      CONCLUSION...................................................................................................... 10

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Ansbro v. DeBlasio,
   Index No. 159738/2021 (N.Y. Sup, N.Y. Cnty. 2021) ............................................................5

Arbaugh v. Y & H Corp.,
   546 U.S. 500 (2006)..............................................................................................................6

Baergas v. City of New York,
   No. 04 Civ. 2944 (BSJ) (HBP), 2005 U.S. Dist. LEXIS 18785, *18 (S.D.N.Y.
   Aug. 25, 2005) ......................................................................................................................6

C.F. v. New York City Dept. of Health & Mental Hygiene,
   191 A.D.3d 52, 64-65 (2d Dep't 2020)................................................................................5

Chambers v. Time Warner, Inc.,
   282 F.3d 147, 153 (2d Cir. 2002)........................................................................................1

Desiano v. Warner-Lambert & Co.,
   467 F.3d 85, 86 (2d Cir. 2006)............................................................................................3

DiFolco v. MSNBC Cable, L.L.C.,
   622 F.3d 104, 111 (2d Cir. 2010)........................................................................................1

Erausquin v. Notz, Stucki Mgmt. (Berm.),
   806 F. Supp. 2d 712 (S.D.N.Y. Aug. 25, 2011)..................................................................2

Garcia v. N.Y.C. Dep't of Health & Mental Hygiene,
   31 N.Y.3d 601 (2018) ..........................................................................................................5

Gokdogan v. Slap Shot Pizza Enters.,
   No. 20 Civ. 5201 (MKB) (ST), 2021 U.S. Dist. LEXIS 184745 (E.D.N.Y.
   Sept. 27, 2021) .....................................................................................................................4

Hamilton v. Aetna Life & Casualty Co.,
   5 F.3d 642, 644 (2d Cir. 1993).............................................................................................9

Hecht v. City of New York,
   217 F.R.D. 148, 150 (S.D.N.Y. 2003) .................................................................................3

Hunley v. Buzzfeed, Inc.,
   No. 20 Civ. 8844 (ALC), 2021 U.S. Dist. LEXIS 189420, *11-13 (S.D.N.Y.
   Sep. 30, 2021) ......................................................................................................................7

Kane v. de Blasio,
 21 Civ. 7863 (VEC), 2021 U.S. Dist. LEXIS 239124 (S.D.N.Y. Dec. 14,
 2021) ...........................................................................................................................5

Laser Kitten, LLC v. Marc Jacobs Int'l, LLC,
 No. 17 Civ. 8613 (JFK), 2019 U.S. Dist. LEXIS 40725, *5 (S.D.N.Y. Mar.
 13, 2019) ......................................................................................................................4

Laureano v. Goord,
 No. 06 Civ. 7845 (SHS) (RLE), 2007 U.S. Dist. LEXIS 74754 (S.D.N.Y.
 Aug. 31, 2007) ..........................................................................................................3, 4

Maniscalco v. N.Y. City Dept. of Educ.,
 No. 21 Civ. 5055 (BMC), 2021 U.S. Dist. LEXIS 184971 (E.D.N.Y. Sept. 23,
 2021) ...........................................................................................................................5

Marisol A. by Forbes v. Giuliani,
 929 F. Supp. 662 (S.D.N.Y. June 18, 1996) ...........................................................2

Mosca v. City of New York,
 No. 17 Civ. 4327 (SJF) (SIL), 2019 U.S. Dist. LEXIS 188309, *9, 10
 (E.D.N.Y. Oct. 30, 2019) ...........................................................................................6

Navar v. Walsh Constr. Co. II, LLC,
 No. 18 Civ. 10476 (LGS), 2019 U.S. Dist. LEXIS 2254478 (S.D.N.Y. Aug.
 13, 2019) ...............................................................................................................2, 4, 7

Oram v. SoulCycle LLC,
 979 F. Supp. 2d 498 (S.D.N.Y. Oct. 28, 2013) ........................................................4

Police Benevolent Assoc. of the City of N.Y., Inc., et al. v. DeBlasio, et al.,
 Index No. 160674/2021 (Sup. Ct. N.Y. Cty. December 22, 2021) ............................9

Police Benevolent Association of the City of New York, Inc., et al. v. de Blasio,
 et al.,
 Index No. 85229/2021 (N.Y. Sup., Rich. Cnty. 2021) ............................................5

Rocha v. Bakhter Afghan Halal Kababs, Inc.,
 No. 13 Civ. 170 (MKB), 44 F. Supp. 3d 337 (E.D.N.Y. Sept. 15, 2014)...................3

Springs v. City of New York,
 No. 17, Civ. 0451 (AJN), 2019 U.S. Dist. LEXIS 234269 (S.D.N.Y. Aug. 20,
 2019) ...........................................................................................................................4

Suffolk Cty. Water Auth. V. Dow Chem. Co.,
 No. 17 Civ. 4327 (SJF) (SIL), 2021 U.S. Dist. LEXIS, *32, 34 (E.D.N.Y. Oct.
 22, 2021) .....................................................................................................................8

The New York City Municipal Labor Committee ("MLC"), et al. v. The City of
    New York, et al.,
    Index No. 158368/2021 (N.Y. Sup., N.Y. Cnty.) .........................................................5

Whalen v. CSX Transp., Inc.,
    No. 13 Civ. 3784 (LGS)(HBP), 2016 U.S. Dist. LEXIS 124960 (S.D.N.Y.
    Sep. 14, 2016). ..........................................................................................................2

Wyndham Associates v. Bintliff,
    398 F.2d 614, 619 (2d Cir. 1968).............................................................................2

**Statutes**

28 U.S.C. § 1331.............................................................................................................4

28 U.S.C. § 1367.............................................................................................................6

**Other Authorities**

Federal Rules of Civil Procedure Rule 21 .....................................................................2

iv

## PRELIMINARY STATEMENT

On December 23, 2021, Plaintiff filed an Emergency Motion to Sever and Remand Plaintiff's state law claims on the basis that the state law claims predominate over the federal claims. See Memorandum of Law in Support ("MOL"), ECF Dkt. No. 14. Additionally, Plaintiff incorrectly argues that Defendants removal to federal court was defective for failure to annex the December 15, 2021 Hearing Transcript. See id., pp. 6-7.

Plaintiff's arguments in support of his "emergency motion" are unavailing. Plaintiff fails to demonstrate that he meets any of the factors generally considered by the Court in considering a motion to sever. To be sure, Plaintiff fails to even address: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; and (4) whether prejudice would be avoided if severance were granted. Plaintiff's Complaint is replete with allegations of constitutional violations, including both substantive and due process claims. Furthermore, Plaintiff's state law claims raise well-settled issues of law which this Court is well-equipped to address. For these reasons, as elaborated below, Plaintiff's request to sever should be denied.

## STATEMENT OF FACTS

For a complete statement of the material and pertinent facts, Defendants respectfully refer the Court to Defendants' Memorandum of Law in Support of their Motion to Dissolve to Dissolve the TRO Issued In New York State Supreme Court, filed on December 27, 2021 ("Defendants' Motion to Dissolve"). ECF Dkt. No. 19. [1]

---

[1] The statement of facts contained therein are incorporated by reference as they are unquestionably integral to the questions before the Court. See DiFolco v. MSNBC Cable, L.L.C., 622 F.3d 104, 111 (2d Cir. 2010), (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002)).

## ARGUMENT

### POINT I

### THE COURT SHOULD DENY PLAINTIFF'S MOTION TO SEVER AND REMAND

**A.      Relevant Authority**

Rule 21 of the Federal Rules of Civil Procedure ("FRCP") gives the Court discretion to sever a claim, "even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance." See Wyndham Associates v. Bintliff, 398 F.2d 614, 619 (2d Cir. 1968) (citations and quotations omitted).  While the Second Circuit has not delineated specific criteria for granting a severance motion, Courts generally consider five factors when deciding whether to grant a motion to sever: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for separate claims.  See Erausquin v. Notz, Stucki Mgmt. (Berm.), 806 F. Supp. 2d 712, 720 (S.D.N.Y. Aug. 25, 2011) (citations omitted).  The moving party bears the burden of demonstrating that severance is warranted.  See Navar v. Walsh Constr. Co. II, LLC, No. 18 Civ. 10476 (LGS), 2019 U.S. Dist. LEXIS 2254478, *3 (S.D.N.Y. Aug. 13, 2019) (citation omitted).

Importantly, severance is a "procedural device" that should only be employed in "exceptional circumstances." See Whalen v. CSX Transp., Inc., No. 13 Civ. 3784 (LGS)(HBP), 2016 U.S. Dist. LEXIS 124960, *14-15 (S.D.N.Y. Sep. 14, 2016) (quoting Marisol A. by Forbes v. Giuliani, 929 F. Supp. 662, 693 (S.D.N.Y. June 18, 1996)).  Moreover, in considering a motion to sever, this Court should be "guided by considerations of convenience, avoidance of prejudice

to the parties, and efficiency." See Laureano v. Goord, No. 06 Civ. 7845 (SHS) (RLE), 2007 U.S. Dist. LEXIS 74754, *24 (S.D.N.Y. Aug. 31, 2007) (quoting Hecht v. City of New York, 217 F.R.D. 148, 150 (S.D.N.Y. 2003)).

**B.    Application**

Plaintiff has utterly failed to show that his state claims should be severed from the federal claims in the Complaint.  As an initial matter, Plaintiff disingenuously characterizes this action as seeking relief based on two claims: (1) the "Separation of Powers" under New York state law; and (2) "the Preemption of the [DOHMH Orders] by New York State Public Health Law." See MOL, ECF Dkt. No. 14, p. 2.  Yet, in Plaintiff's Complaint, he fervently claims that the vaccination mandate violates his right to procedural and substantive due process, and his right to "informed consent" and bodily integrity.  See Complaint, ECF Dkt. No. 5-1, ¶¶ 5, 6, 7, 8, 9, 10, 21.  Thus, at best, Plaintiff's purported state law claims implicate issues of statutory interpretation, which this court and the Second Circuit are more than equipped to handle.  See, e.g., Desiano v. Warner-Lambert & Co., 467 F.3d 85, 86 (2d Cir. 2006) (Preemption case, which concerned "a supposed conflict between federal law and the products liability regime of one such state."); see also Rocha v. Bakhter Afghan Halal Kababs, Inc., 44 F. Supp. 3d 337, 354 (E.D.N.Y. Sept. 15, 2014) (Separation of powers/delegation of authority case interpreting New York law: "The Legislature's delegation of authority to the Commissioner to implement the provisions of the minimum wage law does not violate the constitutionally-mandated separation of powers.").

**1.   Plaintiff's Claims Arise Out Of The Same Transaction Or Series Of Transactions**

It is undisputed that all of Plaintiff's claims arise out of his complaints surrounding the DOHMH Order.  This is clear in his Complaint where he alleges, at the outset, that the Health Commissioner lacked legal authority to issue "a Vaccination Order[.]"  See Complaint, ECF Dkt.

No.5-1, ¶¶ 5, 6. Thus, Plaintiff's claims center on an alleged wrongdoing that occurred as part of a single policy. See Navar 2019 U.S. Dist. LEXIS 2254478 at *3 (quoting Laser Kitten, LLC v. Marc Jacobs Int'l, LLC, No. 17 Civ. 8613 (JFK), 2019 U.S. Dist. LEXIS 40725, *5 (S.D.N.Y. Mar. 13, 2019)); see also Oram v. SoulCycle LLC, 979 F. Supp. 2d 498, 504 (S.D.N.Y. Oct. 28, 2013) ("While inquiries as to whether claims arise from the same transaction are case specific, the same transaction or occurrence factor routinely has been found to exist where employee plaintiffs with varying factual circumstances allege the common denominator of a policy or practice[.]") (citations and quotations omitted).   In determining whether claims are logically related, Courts must apply a "broad view[.]"   See Springs v. City of New York, No. 17, Civ. 0451 (AJN), 2019 U.S. Dist. LEXIS 234269, *2-3 (S.D.N.Y. Aug. 20, 2019) (citations and quotations omitted). Here, severance is unwarranted because the Complaint alleges that the DOHMH Order is "part of an overall scheme by the executive branch of City government[.]"   See Complaint, ECF Dkt. No. 5-1, ¶ 19.   Plaintiff's allegations all stem from one common thread that he weaved throughout the Complaint, namely that the vaccination mandate for City workers is unlawful under federal and state law.   See id.; see also Gokdogan v. Slap Shot Pizza Enters., No. 20 Civ. 5201 (MKB) (ST), 2021 U.S. Dist. LEXIS 184745, *36 (E.D.N.Y. Sept. 27, 2021) (citing Navar, 2019 U.S. Dist. LEXIS 2254478 at *3); see also Laureano, 2007 U.S. Dist. LEXIS 74754 at *26 (finding the plaintiffs' allegations were logically related in that they were challenges to practices and policies by the New York State prison system).   Thus, this factor strongly militates against severance.

### 2.  Plaintiff's Claims Raise The Same Questions Of Law And Fact

This second factor additionally weighs against severance.   Plaintiff's principal argument—that the DOHMH Order violates his "[c]onstitutional and civil rights to refuse informed consent"—plainly implicate federal question jurisdiction pursuant to 28 U.S.C. § 1331.

<u>See</u> Complaint, ECF Dkt. No. 5-1, ¶5.  As argued above, Plaintiff's claims arise out of the DOHMH Order, which Plaintiff contends was issued without authority, and violates his substantive and procedural due process rights.  These claims do not elicit novel and complex legal issues; rather they elicit well-settled law holding that vaccine mandates, including this one, are permissible.  <u>See</u> <u>Police Benevolent Association of the City of New York, Inc., et al. v. de Blasio, et al.</u>, Index No. 85229/2021 (N.Y. Sup., Rich. Cnty. 2021) at NYSCEF Dkt. Nos. 10; 17; <u>In the matter of the Application of Andrew Ansbro, as President of the Uniformed Firefighters Association v. de Blasio, et al.</u>, Index No. 159738/2021 (N.Y. Sup, N.Y. Cnty. 2021) at NYSCEF Dkt. Nos. 1, 11; <u>Maniscalco v. N.Y. City Dept. of Educ.</u>, No. 21 Civ. 5055 (E.D.N.Y.); <u>Kane v. de Blasio</u>, 21 Civ. 7863 (VEC) (S.D.N.Y.); and <u>The New York City Municipal Labor Committee ("MLC"), et al. v. The City of New York, et al.</u>, Index No. 158368/2021 (N.Y. Sup., N.Y. Cnty.); <u>C.F. v. New York City Dept. of Health & Mental Hygiene</u>, 191 A.D.3d 52, 64-65 (2d Dep't 2020) (upholding the Board of Health's authority to mandate adult vaccinations); <u>see also</u> <u>Garcia v. N.Y.C. Dep't of Health & Mental Hygiene</u>, 31 N.Y.3d 601 (2018) (rejecting the vaccine mandate challengers' arguments and holding that the legislature clearly delegated authority, that did not violate the separation of powers doctrine, to adopt vaccination measures).

Moreover, state issues do not predominate here.  Exactly half the claims are federal, and even the purported state law claims—separation of powers and preemption—are not simply state law issues, but issues of statutory interpretation, which the federal court is more than equipped to handle.  This not a case where Plaintiff is asserting state common law claims, or claims pursuant to state or city law, such a the New York State or City Human Rights Laws.  Contrary to Plaintiff's assertion that the state law claims "predominate over the federal claims," <u>see</u> MOL, ECF Dkt. No.

14, p. 7, Plaintiff's Complaint makes clear that he is alleging that the lack of authority violates certain constitutional rights.

Plaintiff is asserting constitutional violations under Section 1983, which will require Plaintiff to demonstrate a wrongdoing by the named Defendants while they were acting under color of state law, i.e., whether Defendants had authority to "legislate by executive order[.]" See MOL, ECF Dkt. No. 14, p. 7; see also Mosca v. City of New York, No. 17 Civ. 4327 (SJF) (SIL), 2019 U.S. Dist. LEXIS 188309, *9, 10 (E.D.N.Y. Oct. 30, 2019) (differentiating between Section 1983 claims and indemnification cross-claims, where both are analyzed under different legal and evidentiary standards).   Thus, severance would be inappropriate because Plaintiff's claims "are factually and legally intertwined, and the evidence relevant to each claim will overlap." See Baergas v. City of New York, No. 04 Civ. 2944 (BSJ) (HBP), 2005 U.S. Dist. LEXIS 18785, *18 (S.D.N.Y. Aug. 25, 2005) (citations omitted).

Indeed, 28 U.S.C. § 1367(a) makes clear that the District Court "**shall have** supplemental jurisdiction over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28  U.S.C. § 1367(a) (emphasis added).  This section also provides the statutory basis upon which a federal district court can exercise subject matter jurisdiction over a state law claim that could not, by itself, be brought in federal court if such a claim arises from the same set of operative facts that form the basis of the underlying federal claim. As the Supreme Court has held, 28 U.S.C. § 1367 provides litigants an "opportunity … to pursue complete relief in a federal-court lawsuit."  Arbaugh v. Y & H Corp., 546 U.S. 500 (2006).  Here, Plaintiff's Motion should not be granted because this Court may rightfully exercise supplemental

jurisdiction over plaintiff's state law claims so as to provide complete relief to the parties in one litigation.

Furthermore, as argued above, that the Complaint undisputedly centers on the DOHMH Order defeats any argument that the state law claims are novel and complex. As demonstrated above, it is well established that vaccine mandates are permissible.

### 3. Severance Would Hinder Judicial Economy and Prejudice Defendants

Judicial economy will not be served here by severing Plaintiff's state and federal claims. To the contrary, severance would mean litigating two separate cases but with identical facts, on separate tracks. See Navar, 2019 U.S. Dist. LEXIS 2254478 at *4 ("Judicial economy would not be served by maintaining two separate actions, with separate motion practice and separate trials, all relating to the same alleged practices.") (citation omitted). As argued above, keeping all of Plaintiff's claims together would promote judicial economy because the claims are so intertwined, resulting in overlap of the evidence relevant to Plaintiff's claims. Plaintiff has the burden to demonstrate this and all the other facts, which he has plainly failed to do. Plaintiff makes no argument as to how severance would achieve judicial efficiency, because there are none. C.f. Suffolk Cty. Water Auth. V. Dow Chem. Co., No. 17 Civ. 4327 (SJF) (SIL), 2021 U.S. Dist. LEXIS, *32, 34 (E.D.N.Y. Oct. 22, 2021) ("Insofar as a severance may result in some duplication of discovery, that potential inefficiency is far outweighed by the massive judicial efficiency and saving of the parties' resources that will be achieved by severing the contribution claims against 84" "entities, businesses, governments and individuals[.]"). It is abundantly clear that the claims are based on the same essential facts—the City government's response to the COVID-19 pandemic—that they are "so logically connected that considerations of judicial economy and

fairness dictate" that all of the issues Plaintiff raises be resolved in one action.  See <u>Hunley v.</u> <u>Buzzfeed, Inc.</u>, No. 20 Civ. 8844 (ALC), 2021 U.S. Dist. LEXIS 189420, *11-13 (S.D.N.Y. Sep. 30, 2021) ("Given this early state in the litigation, to promote judicial economy, and for purposes of streamlining discovery[,] the Court sees no compelling reason why Buzzfeed would face prejudice [if their request to sever] is denied.").  The case can be litigated here, and if Plaintiff so wishes, he can petition to the Second Circuit to certify the state law question to the Court of Appeals.

For these same reasons, Defendants will be prejudiced by having to expend time and resources litigating this case in two separate forums.  If severed, the cases would require defendants to simultaneously defend against two nearly identical cases brought by the same plaintiff in two different Courts.  There is a very real prejudice that Defendants face if this motion were granted.  Defendants would have to bear the expense of having to litigate parallel state and federal court actions both complete with expensive and duplicative motion practice and discovery. Adding to this is the fact that Plaintiff purports to bring this action as a putative class.  Thus, if Plaintiff's motion were granted, Defendants would have to bear the burden of litigating two nearly identical class actions brought by a singular plaintiff.  Defendants also would be unduly prejudiced in the event that a state and federal court were to reach inconsistent results in these cases.  This is particularly troubling with respect to any future injunction motion made by Plaintiff seeking to enjoin the City's vaccination mandate.

Moreover, Plaintiff's motion is entirely silent on how he would be prejudiced absent granting his motion to sever.  At best, Plaintiff argues that Defendants' removal was defective for not annexing the December 15, 2021 Hearing Transcript, and that this "defect" prejudices him in some unidentified way.  See MOL, ECF Dkt. No. 14, pp. 5, 6.  This argument is

unavailing for several reasons.  First, Defendants properly annexed all of the documents with which they were served, which defeats any argument by Plaintiff that essentially relies on a technicality, and nothing more.  Indeed, as detailed in Defendants' Motion to Dissolve the State Court did not issue a written order in connection with the TRO and the transcript of the hearing held in connection with the TRO was unofficial and had not been certified by the Court.  No matter, though, because Plaintiff cured this purported defect by filing the transcript with the Court subsequent to removal himself.  See ECF Dkt. No 8-1.  Second, Plaintiff's contention that removal was defective, does not render removal as "procedurally improper[,]" as Plaintiff suggests in citing Hamilton v. Aetna Life & Casualty Co., 5 F.3d 642, 644 (2d Cir. 1993).  Plaintiff unsurprisingly fails to mention in his motion to sever, the crucial fact that Hamilton concerned a remand order where the court held that the removal was procedurally improper because plaintiff "patently lacked the right to remove his own case from state to federal court."  See id.; see also MOL, ECF Dkt. No. 14, p. 7.  Thus, Hamilton is inapplicable to the case at bar because here, removal was based on federal question jurisdiction, as is clear by Plaintiff's 58-page Complaint citing to a litany of alleged constitutional violations against him, including violations of procedural and substantive due process, including violations of his right to "bodily integrity" and to choose his field of private employment.

To the extent Plaintiff attempts to equate his action with Police Benevolent Assoc. of the City of N.Y., Inc., et al. v. DeBlasio, et al., NYSCEF Doc. No. 42, Index No. 160674/2021 (Sup. Ct. N.Y. Cty. Dec. 22, 2021), it is entirely factually distinguishable.  There, the petitioner is challenging as arbitrary and capricious the application process of reasonable accommodation requests submitted by NYPD members for religious and medical exemptions to the vaccine mandate, see id., pp. 3-4, an issue statutorily delegated to the state courts.  Here, Plaintiff makes

clear that he is challenging what he perceives to be constitutional violations in subjecting him to

the conditions outlined in the DOHMH Order.  As to the two state law claims, despite Plaintiff's

contentions that they are novel and complex issues, they amount to statutory interpretation, which,

as argued above, this Court is well-equipped to handle.

For this reason, and the ample reasons cited in this motion, Defendants respectfully

request that the Court deny Plaintiff's Motion to Sever and Remand.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny the

Motion to Sever and Remand, and award Defendants such other and further relief as the Court

deems just and proper.

Dated:        New York, New York
              December 28, 2021


                              **GEORGIA M. PESTANA**
                              Corporation Counsel of the
                                City of New York
                              Attorney for the Defendants
                              100 Church Street, Room 2-184
                              New York, New York 10007
                              T:  (212) 356-2450
                              E:  imendez@law.nyc.gov

                              By:        _____/s/_____
                                         Iván A. Méndez, Jr.
                                         Assistant Corporation Counsel

Iván A. Méndez, Jr.,
Eugenia Fowlkes
   Of Counsel.