IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------X

ANTHONY MARCIANO, individually, and on behalf of all other individuals similarly situated,

                  1:21-cv-10752 (JSR) (BCM)

        Plaintiff\Petitioners,

   v.

BILL DE BLASIO, MAYOR OF THE CITY OF NEW YORK, in his official capacity; DAVE A. CHOCKSHI, COMMISSIONER OF HEALTH AND MENTAL HYGIENE, in his official capacity; DERMOT SHEA, POLICE COMMISSIONER, in his official capacity; THE NEW YORK CITY BOARD OF HEALTH; and THE CITY OF NEW YORK,

        Defendants\Respondents.

---------------------------------------X

1

## **DECALRATION OF PATRICIA FINN IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER, AND AN EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT.**

PATRICIA FINN, ESQ., an attorney duly admitted to practice before this Court, declares:

1. I am the principal of PATRICIA FINN ATTORNEY, P.C., attorney for Plaintiffs ANTHONY MARCIANO, individually, and on behalf of all other individuals similarly situated ("Plaintiff"), in the above-captioned action.

2. I am familiar with the facts and circumstances set forth herein based upon my review of this matter and the file maintained by my office.

3. I submit this Declaration, the Declaration of Plaintiff Anthony Marciano, and the following Exhibits in support of Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction pursuant to Rule 65 (b) of the Federal Rules of Civil Procedure, and for an Order pursuant to Rule 6 (1) (a) of the Federal Rules of Civil Procedure, extending Plaintiff's time to file a Response to Defendant's Motion to Dismiss Plaintiff's Complaint, for the reason that Defendants served Plaintiff with a denial of his Application for a Reasonable Accommodation and religious accomodation, February 8, 2022, the day before his response is due in this Court.

4. Plaintiff is requesting this emergency relief to stay the enforcement of the ORDER OF THE COMMISSIONER OF HEALTH AND MENTAL HYGIENE TO REQUIRE COVID-19 VACCINATION FOR CITY EMPLOYEES AND CERTAIN CITY CONTRACTORS (the "Vaccination Order") dated October 20, 2021. (**EXHIBIT 1**.) The Vaccination Order required all City employees, except uniformed Department of Corrections employees, to submit proof of COVID vaccination by October 29, 2021, or be "excluded from the premises at which they work" beginning on November 1, 2021. The

2

Defendant is also requesting the Court to stay the SUPPLEMENTAL ORDER OF THE COMMISSIONER OF HEALTH AND MENTAL HYGIENE TO REQUIRE COVID-19 VACCINATION FOR CITY EMPLOYEES AND EMPLOYEES OF CERTAIN CITY CONTRACTORS (the "Supplemental Order") dated October 31, 2021, continuing and extending the Vaccination Order (**EXHIBIT 2**), and to restrain and enjoin the Defendants, their agents, or assigns from taking any adverse action against Plaintiff, on the basis of the Vaccination Order, the Supplemental Vaccination Order, or any other orders, policies, or procedures extending, modifying, or enforcing those orders until Plaintiff can be heard on his Complaint, or in the alternative, until Plaintiff has had an opportunity to respond to the Defendants' Motion to Dismiss, and the denial of his Application for a Reasonable Accommodation.

5. Plaintiff respectfully refers the Court to Plaintiff's Complaint (**EXHIBIT 3**) for a detailed factual summary, and begs the Court's indulgence in granting the relief sought, due to the last minute notification of the denial of the religious exemption yesterday, giving Plaintiff less than twenty-four hours to respond, prior to submitting the prepared opposition to the motion to dismiss, as a consequence of Defendants'actions.

6. Plaintiff is requesting that this Court grant Plaintiff additional time to file opposition to Defendants' Motion to Dismiss Plaintiff's Complaint, which is presently due today, February 9, 2022. Although prepared and filed ready, the denial of the religious exemption changes Plaintiffs' standing entitling him to the reinstatement of the temporary restraining order vacated by this Court.

7. Counsel for Plaintiff has drafted an Attorney Declaration, a Declaration of Plaintiff, and a Memorandum of Law, and was prepared to file by February 9, 2022, in accordance with the Court's Order, dated December 29, 2021.

8.     After more than three months of delay, Defendants served the denial of Plaintiffs Application for a Reasonable Accommodation yesterday, the day before Plaintiff's opposition is due.(**EXHIBIT 4**.)

9.     The "Denial Letter" is a single page, addressed to "Applicant", containing the preprinted notice, "After careful review of your application and the documents you submitted, the reasonable accommodation is DENIED due to the following reason(s)." Following are 8 preprinted reasons for denial, each with a check box. Three of the boxes are marked with an "x". There is a ninth check box for "Other (describe)", which was not used.  (**EXHIBIT 4**.)

10.    There are no handwritten, type written, or additions to the preprinted form letter, other than the signature or Executive Director, EEO Division, Michael Melocowsky (which may, or may not be an original.) In other words, upon information and belief, the Denial Letter sent to Plaintiff is identical to thousands of Denial Letters sent by Defendants months ago. Id.

11.    Plaintiff submitted the "Reasonable Accommodation Application for COVID-19 Vaccine Exemption for Members of the Service" on October 26, 2021. The deadline was October 27, 2021.

12. As demonstrated hereinafter, more than 95% of the applications received by the NYPD were decided by November 30, 2021, within 34 days of the deadline, but Plaintiff's application was not decided until today, well over three months after the deadline.

13. Defendants submitted the Affidavit of Michael Melocowsky, (the "Melocowsky Affidavit", **EXHIBIT 5**) in the case of POLICE BENEVOLENT ASSOCIATION OF THE CITY OF NEW YORK, INC., on behalf of its members et al v. BILL De BLASIO et al, filed in the New York State Supreme Court for the County of New York under Index. No. 160674/2021.

14. Michael Melocowsky identifies himself as the Executive Director of the Equal Employment Opportunity Division ("EEOD") of the New York City Police Department ("NYPD").  (Melocowsky Affidavit, ¶ 1, **EXHIBIT 5**.)

15. "By the deadline of October 27, 2021, EEOD had received over 7,000 requests for a reasonable accommodation related to the DOHMH Order. Of those 7,000 applications, approximately 6,000 requested accommodation for religious reasons and 800 requested accommodation for medical reasons."  (Melocowsky Affidavit, ¶ 12, **EXHIBIT 5**.)

16. "As of November 30, 2021, approximately 176 applications have been approved and 6,500 have been denied. The remaining applications are still being processed." (Melocowsky Affidavit , ¶ 32, **EXHIBIT 5**.)

17. Moreover, Plaintiff's particular religious objection (based on fetal cell derivative research) is so common that the "Guidance on Accommodations for Workers", issued by the New York City Law Department, has listed it as one of four check box items under "religious, moral, or ethical belief", with specific instructions for denying this particular request. ("Guidance", **EXHIBIT 6**.)

18.     The Melocowsky Affidavit creates an almost irrebuttable inference that Defendants delayed the determination of Plaintiff's Complaint until the day before his opposition was due, for tactical reasons.

19.     It is inconceivable that it took the Defendants over three months (more than two months longer than 95% of other applications received) to check off the three boxes on the Denial Letter".  (**EXHIBIT 4**.)

## PROCEDURAL BACKGROUND

20.     Plaintiff commenced this action by Order to Show Cause, filing the Petition and Complaint annexed hereto as **EXHIBIT 3**, in New York State Supreme Court on December 1, 2021 under Index No. 160914/2021.

21.     On December 7, 2021, the Hon. Frank P. Nervo, J.S.C., signed the Order that Defendants Show Cause why Plaintiffs' requested TRO should not be granted, and scheduled oral argument for December 14, 2021.

22.     On December 13, 2021, Defendants filed opposition. The state court heard oral argument on December 14, 2021, and granted the Temporary Restraining Order from the bench, stating, "the temporary restraining order is issued pending the determination of this application." (Tr. p. 48, lines 13 – 15, **EXHIBIT 7**.)

23.     On December 15, 2021, the Defendants filed an Affirmation Concerning Notice of Removal in the State Court, and a Notice of Removal in this Court.

24.     On January 12, 2022, the Hon. Frank P. Nervo, J.S.C., issued a written Decision and Order recognizing that Defendants had engaged in forum shopping, stating, "Effectively, respondents decided to try their luck in this State Court forum, and then when faced with an interlocutory ruling which was not to their liking, respondents decided to remove the matter to

federal court, essentially attempting to assert a legal mulligan." (Decision and Order, **EXHIBIT 8**.) Nevertheless, the state court dismissed Plaintiff's Complaint. Plaintiff has filed a Notice of Appeal of Judge Nervo's decision. Id.

25.  On December 29, 2021, the parties appeared remotely before this Court, for oral argument on Defendants' Motion to Dissolve the TRO, and on Plaintiff's Motion to Remand or Sever the state law claims.  (Transcript, **EXHIBIT 9**.)

26.  At that time, the Court vacated the state court TRO, without prejudice, stating "because, in fact, the plaintiff is being paid his salary and has not suffered any financial harm. Nothing has changed in the *status quo* other than the threat of possible action." (Tr. 28, lines 13-15, **EXHIBIT 9**.)

27.  The Court stated, "And while there are cases that go both ways on that issue, it would be, I think, premature to impose a TRO barring the city from going forward with a mandate until, an accommodation has been denied. If it is denied, then on the question of irreparable harm we'd have to get into some of the issues that have been raised, and that would probably require a prompt evidentiary hearing."  (Tr. 28-29, lines 23-5, **EXHIBIT 9**.)

28.  The Court also indicated that it would need to consider certain evidentiary issues, before deciding the question of irreparable harm. "We would need, as the city points out, to know a lot more. We would need to know what the plaintiff's savings were. We would need to know whether he had available loans, whether he had available family support. All of those would have to be the subject of evidentiary submissions."  (Tr 21, 8-14.).

29.  By issuing the Denial Letter today, the day before Plaintiff's Response is due, the Defendants have made it impossible to provide detailed financial evidence with this motion.

30.  On January 19, 2022, Defendants filed a motion to dismiss Plaintiff's Complaint, pursuant to Rule 12 (b) of the Federal Rules of Civil Procedure.

31. In their Motion to Dismiss, Defendants raised the argument that, "Plaintiff does not have standing to challenge the DOHMH Order." "As an initial matter, Plaintiff has not alleged any harm—only potential future harm." (Defendants' Memorandum of Law, p. 8.)

32. Plaintiff devoted a substantial portion of his Response to the standing issue, for the obvious reason that if Plaintiff is found not to have standing, the merits of his argument are not reached.

33. Now the day before Plaintiff is due to file, Defendants have mooted the standing argument, as least concerning imminent harm, and have raised other issues to which Plaintiff's papers are not addressed.

34. While Defendants have rendered it impossible for Plaintiff to adequately address the question of harm, Plaintiff can address the equities of the matter.

35. The Defendants obtained an unfavorable ruling in state court, after appearing and opposing Plaintiff's motion for a stay.

36. The Defendants than removed the case to this Court, on the basis that Plaintiff had asserted federal claims.

37. Defendants moved to vacate the TRO, on the grounds that Plaintiff had not established irreparable harm, and Plaintiff moved to remand or sever the state law claims.

38. The Court vacated the TRO, without prejudice as noted above, and denied the motion to remand or sever, which Plaintiff does not dispute was within the Court's discretion.

39. In defeating the Plaintiff's motion to remand, the Defendants asserted this Court's jurisdiction. Now, in seeking dismissal, the Defendants challenge this Court's jurisdiction. "An objection to standing is properly made on a Rule 12(b)(1) motion. *See, e.g., Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 88-89, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998)" *Tasini v. N.Y. Times Co.*, 184 F. Supp. 2d 350, 354-55 (S.D.N.Y. 2002).

40.     Rule 12 (b) (1), is for "lack of subject-matter jurisdiction".

41.     After forcing Plaintiff to respond to their standing argument, Defendants yesterday served the Defendant with a negative determination of his application for a religious exemption, and he will be fired as a result.

42.     Plaintiff begs the Court to recognize the extraordinary lengths to which Defendants are going to deprive him of an opportunity to be heard on his objection to vaccination.

43.     Plaintiff, having a distinguished service record including two separate awards from the NYPDs Integrity Review Board for bribery arrests, and a promotion to Detective, is being treated far worse than if he were accused of corruption, dishonesty, or excessive force.

44.     Plaintiff herein is asking this Court to maintain that status quo, until his Complaint can be decided.

45.     In the alternative, Plaintiff is asking the Court to maintain the status quo at least long enough for him to properly respond to the Defendants' Motion for Dismissal, taking into the new and highly relevant fact of the Denial Letter.

46.     If Plaintiff's request for a stay is denied, Plaintiff will face financial ruin, and will be unable to bear the costs of continued litigation.

47.     If Plaintiff request is granted, he will continue to comply with the mask and test policy that was in effect at the time the Vaccination Order was issued, and with which he has been complying since that time.

48.     The Defendants will merely have to bear the burden of permitting Plaintiff to continue working under the same mask and test procedures that have been in place for more than a year and half, and which they have extended for three months by failing to render a decision on

his application until today. Another week, or even a month imposes virtually no burden of Defendants.

49.     Plaintiff's Counsel contacted opposing Counsel in an attempt to obtain consent to the requested relief, opposing counsel consented to an extension of time, but not to the temporary restraining order requested.

50.     Plaintiff's Counsel has notified opposing Counsel of this motion, and provided the proposed Order via email.

WHEREFORE, based on the aforementioned reasons, Plaintiffs respectfully request that this Court issue an Order:

(1) Granting the accompanying proposed Order to Show Cause, and temporary restraining order and preliminary injunction; and,

(2) Granting Plaintiff an additional two weeks to respond to Plaintiff's Motion to Dismiss Plaintiff's Complaint; or in the alternative,

(3) Staying the enforcement of the Vaccination Order, and any other orders, policies, or procedures implementing the Vaccination Order until Plaintiff has had a reasonable time to respond to Defendants' motion and Denial Letter: and,

(4) Granting Plaintiff such additional time to respond to Plaintiff's Motion to Dismiss Plaintiff's Complaint as this Court deems reasonable; and,

(5) Granting such other and further relief as to this Court may seem just, proper, and equitable.

DATED: Nanuet, New York
February____, 2022

                                        PATRICIA FINN ATTORNEY, P.C.
                                        Attorneys for Petitioner
                                        /s/Patricia Finn, Esq.

                                        _____
                                        Patricia Finn, Esq. (Bar No. 4109997)