**MANDATE**

22-570-cv
Marciano v. Adams

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jun 06 2023

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand twenty-three.

PRESENT:  JOSÉ A. CABRANES,
          GERARD E. LYNCH,
          RAYMOND J. LOHIER, JR.,
               *Circuit Judges*.
------------------------------------------------------------------
ANTHONY MARCIANO, individually and on
behalf of all other individuals similarly situated,

    *Plaintiff-Appellant*,

        v.                                              No. 22-570-cv

ERIC ADAMS, Mayor of the City of New York, in
his official capacity; ASHWIN VASAN,
Commissioner of Health and Mental Hygiene, in
his official capacity; KEECHANT SEWELL, Police
Commissioner, in her official capacity; THE NEW
YORK CITY BOARD OF HEALTH; and THE

MANDATE ISSUED ON 06/06/2023

|  | CITY OF NEW YORK, | |
|---|---|---|
|  | *Defendants-Appellees.* | |
|  | ----------------------------------------------------------------- | |
|  | FOR PLAINTIFF-APPELLANT: | PATRICIA A. FINN, Patricia Finn Attorney, P.C., Nanuet, NY |
|  | FOR DEFENDANTS-APPELLEES: | JESSE A. TOWNSEND, Of Counsel (Richard Dearing, Claude S. Platton, Of Counsel, *on the brief*), *for* Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY |

Appeal from a judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED.

Anthony Marciano appeals from a judgment of the United States District Court for the Southern District of New York (Rakoff, J.) dismissing his claims against the City of New York (the "City") and certain of its agencies and officers. Marciano, a New York City Police Department detective, argues that the Defendants' decision to mandate that employees of the City receive a vaccination against COVID-19 was ultra vires, preempted by state and federal law, and in

1   violation of the federal Constitution.   The Defendants move to dismiss this

2   appeal as moot.   We assume the parties' familiarity with the underlying facts

3   and the record of prior proceedings, to which we refer only as necessary to

4   explain our decision to grant the Defendants' motion to dismiss the appeal.

5       "[U]nder the general rule of mootness, courts' subject matter jurisdiction

6   ceases when an event occurs during the course of the proceedings or on appeal

7   that makes it impossible for the court to grant any effectual relief whatever to a

8   prevailing party."   County of Suffolk v. Sebelius, 605 F.3d 135, 140 (2d Cir. 2010)

9   (quotation marks omitted).   Accordingly, a "plaintiff's personal stake in the

10  outcome of the litigation must be extant at all stages of review, not merely at the

11  time the complaint is filed."   Stagg, P.C. v. U.S. Dep't of State, 983 F.3d 589, 601

12  (2d Cir. 2020) (quotation marks omitted).   "Typically, no live controversy

13  remains where a party has obtained all the relief she could receive on the claim

14  through further litigation."   Ruesch v. Comm'r of Internal Revenue, 25 F.4th 67,

15  70 (2d Cir. 2022) (quotation marks omitted).

16      Marciano seeks declaratory and injunctive relief prohibiting the

17  Defendants from enforcing their mandate that City employees receive a

3

vaccination against COVID-19. But the Defendants have repealed that mandate, and we "cannot enjoin what no longer exists." Exxon Mobil Corp. v. Healey, 28 F.4th 383, 393 (2d Cir. 2022). Nor can we award declaratory relief, which requires an ongoing, "real and substantial" underlying dispute to confer subject matter jurisdiction. California v. Texas, 141 S. Ct. 2104, 2115–16 (2021) (quotation marks omitted); see Exxon Mobil, 28 F.4th at 394–95 ("[A] request for a declaratory judgment as to a past violation cannot itself establish a case or controversy to avoid mootness.").[1]

In this case, no exception to the mootness doctrine applies. This case does not fit within the "capable of repetition yet evading review" mootness exception, which "applies only in exceptional situations, where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." Kingdomware Techs., Inc. v. United States,

---

[1] Marciano's request for attorneys' fees and costs does not affect this calculus. See London v. Polishook, 189 F.3d 196, 200 (2d Cir. 1999) (noting that where "the only remaining issues would be attorneys' fees and costs, neither" would be "sufficient to keep the dispute alive").

4

579 U.S. 162, 170 (2016) (cleaned up).[2]  Marciano offers only "speculation" that he personally could be subject to another similar vaccine mandate; such a "theoretical possibility" "does not rise to the level of a reasonable expectation or demonstrated probability of recurrence."  Exxon Mobil, 28 F.4th at 396 (quotation marks omitted).   And even were the Defendants to reimpose this same vaccine mandate, Marciano does not dispute that, subsequent to filing this suit, he has now received the COVID-19 vaccine, and would therefore now be compliant with that mandate.   He therefore cannot show, as he must, that "the same controversy will recur involving the same complaining party."  Fed. Election Comm'n v. Wisconsin Right To Life, Inc., 551 U.S. 449, 463 (2007) (quotation marks omitted).

The voluntary cessation exception is likewise inapplicable because "there is no reasonable expectation that the alleged violation will recur" and because the Defendants' repeal of the vaccination mandate has "completely and

---

[2] This standard applies "[i]n the absence of a class action," including, as here, where a putative class plaintiff "brought suit assertedly on behalf of all other similarly situated . . . employees, yet made no motion for class certification pursuant to Fed. R. Civ. P. 23." Haley v. Pataki, 60 F.3d 137, 141 & n.2 (2d Cir. 1995).

5

irrevocably eradicated the effects of the alleged violation," given that Marciano seeks only injunctive and declaratory relief. Am. Freedom Defense Initiative v. Metro. Transp. Auth., 815 F.3d 105, 109 (2d Cir. 2016) (quotation marks omitted). And, again, even were the Defendants to reinstate the mandate, Marciano's undisputed vaccination status ensures that such a decision would no longer have any effect on his employment status. See Conn. Citizens Def. League, Inc. v. Lamont, 6 F.4th 439, 446 (2d Cir. 2021) (holding that the voluntary cessation exception "does not aid a plaintiff whose own conduct saps the controversy of vitality" (quotation marks omitted)); DiMartile v. Cuomo, 834 F. App'x 677, 678 (2d Cir. 2021) (summary order) (dismissing as moot an engaged couple's challenge to pandemic-era restrictions on non-essential gatherings like weddings where the couple "state[d] that they no longer intend to hold a wedding while New York's COVID-19 gathering limitations are in effect").

Accordingly, Marciano's appeal is moot. "When a civil case becomes moot pending appellate adjudication, the established practice in the federal system is to reverse or vacate the judgment below and remand with a direction to dismiss." Hassoun v. Searls, 976 F.3d 121, 125 (2d Cir. 2020) (quoting

Arizonans for Off. English v. Arizona, 520 U.S. 43, 71 (1997)) (quotation marks omitted).   We follow that practice here because there is no suggestion that Marciano intended to "escape the collateral consequences of the decision below" by deliberately mooting the appeal when he received the COVID-19 vaccine. Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet, 260 F.3d 114, 122 (2d Cir. 2001).

    We have considered Marciano's remaining arguments and conclude that they are without merit.[3]   For the foregoing reasons, the Defendants' motion to dismiss the appeal is GRANTED, the appeal is DISMISSED, and the case is

---

[3] The Defendants also request that we unseal references to Marciano's vaccination status in the parties' filings.   The Defendants themselves initially sought permission to seal those references in their motion to dismiss and asked this Court to decide whether they should remain sealed.   The Defendants did so because Marciano asserted that his vaccination status was private under the Health Insurance Portability and Accountability Act (HIPAA).   We construe the Defendants' request as a motion to unseal the parties' filings in connection with the Defendants' motion to dismiss.   Even assuming that Marciano has a right to privacy regarding his COVID-19 vaccination status that could justify keeping that information under seal, Marciano has waived that right by alleging in his (unsealed) complaint that, at the time of its filing, he was not vaccinated.   Accordingly, the Defendants' motion to unseal references to Marciano's vaccination status is GRANTED.

REMANDED with instructions to the District Court to vacate its order and judgment and dismiss the case as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

8